UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL J. REYNOLDS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 6-185-P-S |
| ) | |
| LANCASTER COUNTY COURT ) | |
| OF COMMON PLEAS, ) | |
| ) | |
| Defendant ) | |

**RECOMMENDED DECISION**

Michael Reynolds, a resident of Rumford, Maine, filed a complaint in this court on October 27, 2006, naming as a defendant the Lancaster County Court of Common Pleas, Office of Domestic Relations Section, Lancaster, Pennsylvania. Over thirteen years ago Reynolds resided in Pennsylvania and pursuant to an order issued by the Pennsylvania court he began making child support payments to his ex-wife. According to Reynolds, his ex-wife never lived in Pennsylvania, obtained a no-fault divorce from him in Oklahoma, and moved to Ankara, Turkey where she may now reside with his son for whom he pays court-ordered child support. Reynolds has not seen his son in over six years and the boy will turn eighteen in September 2007. The Pennsylvania domestic relations office has refused to "transfer" his case to the Maine courts.

In 2006 Reynolds experienced health problems related to a work injury and became embroiled in a dispute with the Office of Domestic Relations regarding the amount and payment schedule of his child support payments. According to Reynolds he has been unable to obtain a court hearing in Pennsylvania, even though he has submitted documentation showing his strained

economic circumstances and repeatedly has requested the Office of Domestic Relations to forward his case to a Pennsylvania judge. Feeling understandably frustrated with the perceived insensitivity of the Pennsylvania court officials, Reynolds filed a complaint with this court. Although ultimately allowing Reynolds to proceed in forma pauperis, I did alert Reynolds to potential difficulties with this lawsuit and suggested that his most likely recourse would be to pursue all available procedures and appeals in the Pennsylvania court system. (Docket No. 2.)

With regards to this filing, Reynolds never obtained a summons or otherwise attempted to make service upon the Pennsylvania defendant. I assume that he is completely unaware of the Federal Rules of Civil Procedure as his various submissions suggest he has absolutely no understanding of court procedures. In any event, when the four months allowed under Federal Rule of Civil Procedure 4 elapsed, the clerk issued a standard order to show cause why the complaint should not be dismissed. In response to that order, Reynolds states, "I was not aware, nor do I have knowledge or understanding of the meaning of the last correspondence from the court." (Docket No. 6.) I have no reason to disbelieve Reynolds and I assume he has no knowledge of the requirement that he must serve the defendant with a summons and a copy of the complaint within 120 days of filing it with this court.

That being said, I do not believe that giving Reynolds additional time to accomplish service would help to move this case forward in any manner. Viewing his pleadings in the most liberal manner possible and trying to discern a federal cause of action, I conclude that his complaint seeks declaratory and injunctive relief against unnamed "county civil servants" at the Lancaster County Office of Domestic Relations who have allegedly improperly denied him an opportunity to obtain a court hearing or otherwise challenge the support orders entered against him. While Reynolds never spells out the nature of his constitutional claim, he could be trying to

allege a due process violation. He does not indicate in any of his pleadings if he has ever filed an action in the Maine state courts to attempt to have his support obligation modified. Nor does Reynolds suggest that any federal laws have been violated by the Pennsylvania officials. Reynolds's suit appears to be a straight-up claim of unconstitutional conduct on the part of county employees.

      Reynolds makes clear (for the first time) in his response to the order to show cause that he does not intend to sue the Lancaster County Court of Common Pleas. His lawsuit is against "a group of county civil servants" working in the Office of Domestic Relations, apparently an administrative agency somehow affiliated with the court of common pleas. Thus, it does not appear that Reynolds is challenging any existing court order or judge's conduct, eliminating some jurisdictional hurdles. Nevertheless, his response to the Order to Show Cause raises more questions than it answers. Is he suing individuals for violating his constitutional rights by refusing to follow the policies and procedures established by Lancaster County Court of Common Pleas? If so, what are their names? Is he suing the Lancaster County Office of Domestic Relations because he alleges that they have an unconstitutional official policy or procedure of not enforcing the Pennsylvania courts' orders or refusing to process appeals?[1] If so, what order of the Pennsylvania court does Reynolds have that the Office of Domestic Relations has refused to enforce? When did he file an appeal that was not forwarded to the appropriate court? I reluctantly conclude that Reynolds's complaint simply fails to state any federal claim and that it would ultimately be dismissed on that basis in any event.

---

[1]     Maybe Reynolds thinks he can sue the "Office of Domestic Relations" as the employer of individuals who have allegedly committed unconstitutional acts on the theory of respondeat superior. He is unable to do so under applicable case law. There is no respondeat superior liability for constitutional violations under 42 U.S.C. § 1983. Monell v. Dept. of Soc. Serv., 436 U.S. 658, 691 (1978) ("[W]e conclude that a municipality cannot be held liable solely because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."). In this case Lancaster County would be in the same position as a municipality.

While I can sympathize with his plight, even though he is a pro se litigant if Reynolds seeks legal relief from this court he has a minimal obligation to inform himself of the basic procedures.  See Parkinson v. Goord, 116 F.Supp.2d 390, 393 (W.D.N.Y. 2000) ("[P]roceeding pro se does not otherwise relieve a litigant of the usual requirements of summary judgment, and a pro se party's bald assertions, unsupported by evidence, are insufficient to overcome a motion for summary judgment."); see also Sirois v. Prison Health Servs., 233 F.Supp.2d 52, 53-55 (D. Me. 2002).  While Reynolds's complaint may be held to a less stringent pleading standard under Haines v. Kerner, 404 U.S. 519, 520 (1972), his pro se status does not shield him from Federal Rule of Civil Procedure 4's operative provision under subsection(m) requiring the plaintiff to make service upon the defendant within 120 days after filing the complaint.  Reynolds has failed to show any good cause why that service was not attempted or made.

Accordingly, I recommend that the complaint be dismissed without prejudice.  If Reynolds conducts further investigation or otherwise obtains legal assistance and files a complaint that actually states his claim and explains exactly who is being sued, his 120 days will again begin to run.  Until that time, this case should be dismissed from the docket.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

March 19, 2007.

                                      /s/ Margaret J. Kravchuk
                                      U.S. Magistrate Judge